**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| BLAKE P. GROW, | Case No. 3:22-cv-0009 |
| Plaintiff, | |
| | Scott Co. LACE134503 |
| v. | |
| IOWA CVS PHARMACY, L.L.C., and SCP 2006-C23-059 LLC, | **NOTICE OF REMOVAL** |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Iowa CVS Pharmacy, L.L.C. and

SCP 2006-C23-059 LLC remove this action from the Iowa District Court for Scott County to the

United States District Court for the Southern District of Iowa.

## I.   THE STATE COURT ACTION

1.      On January 2, 2022, Plaintiff Blake P. Grow filed a civil action in the Iowa District

Court for Scott County styled as *Blake P. Grow, Plaintiff v. Iowa CVS Pharmacy, L.L.C. and*

*SCP 2006-C23-059 LLC, Defendants*, Case No. LACE134503.   Defendant Iowa CVS

Pharmacy, L.L.C. was served with the Original Notice of the lawsuit on January 19, 2022.

Defendant SCP 2006-C23-059 LLC was served with the Original Notice of the lawsuit on true and

correct copies of the notice and petition are attached to this Notice as Exhibit A.

2.      The case concerns a claim for damages including medical expenses, loss of

enjoyment of life, pain and suffering, lost wages, loss of earning capacity, and mental anguish, all

of which plaintiff alleges may continue into the future. Pet. ¶ 13.  Plaintiff alleges that on January

21, 2020, he became injured while he was the premises located in Davenport, Iowa and owned by

SCP 2006-C23-059 LLC and operated by Iowa CVS Pharmacy, L.L.C.  Pet. ¶¶ 4-7   The

Petition alleges that the defendants were negligent and caused plaintiff to sustain injuries." Pet. ¶¶ 10-12.

3.     This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because original jurisdiction lies in federal court and the procedural requirements for removal are satisfied.

4.     Complete diversity exists between plaintiff and the defendants, and the amount in controversy exceeds $75,000.  Accordingly, this action may be removed to this Court.  *See* 28 U.S.C. §§ 1332, 1441.

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

5.     On January 19, 2022, both defendants were served with copies of the original notice and petition.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (thirty-days from service rule); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64-65 (1996) (one-year limitation in diversity cases).

6.     This Court embraces the locality in which the state court action is now pending, and thus is a proper forum pursuant to 28 U.S.C. § 1441(a).

7.     No previous application has been made for the relief requested herein.

8.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on plaintiff and filed with the District Court for Scott County, Iowa.

9.     A filing fee of $400.00 has been tendered to the Clerk of this Court.

10.    As required by Local Civil Rule 81(a)(1), the defendants have filed with this Notice of Removal a statement which sets forth the names of counsel and the law firms that have appeared in the state court, with their office addresses, telephone numbers, facsimile numbers, and e-mail

addresses. Also attached to that statement are true and correct copies of process, pleadings, and orders filed in the state case.

11.    If any question arises regarding the propriety of removal, the defendants respectfully request the opportunity to present a brief and/or oral argument in support of their position that this case is removable.

## III.    **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

12.    Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and based on the plaintiff's petition, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441.

### A.    **Complete Diversity of Citizenship Exists**

13.    The plaintiff pleads that he is a resident of the state of Missouri. Pet ¶ 1. Therefore, it appears plaintiff is a citizen of Missouri.

14.    Iowa CVS Pharmacy, L.L.C. is a limited liability company, whose sole member is CVS Pharmacy, Inc., with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island, 02895. See Exhibit B attached to this Notice. For purposes of diversity jurisdiction, a limited liability company's citizenship is the citizenship of each of its members. *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity of citizen jurisdiction, is the citizenship of each of its members."); *Community Action Agency of Siouxland v. Belle of Sioux City, L.P.*, 2017 WL 1398340 (N.D. Iowa 2017). The sole member of Iowa CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc. CVS Pharmacy, Inc. is incorporated under the laws of the state of Rhode

Island and its principal place of business is in Woonsocket, Rhode Island.  A corporation is deemed to be a citizen of the state in which it has been incorporated and the state containing its principal place of business.  28 U.S.C. § 1332(c).  Therefore, for diversity purposes, Iowa CVS Pharmacy, L.L.C. is a citizen of Rhode Island..

15.     SCP 2006-C23-059 LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  The sole member of SCP 2006-C23-059 LLC is PCG Properties LLC, also organized under Delaware law.  PCG Properties LLC is wholly owned by PCG Exchange, Inc.  PCG Exchange, Inc. is a corporation incorporated under the laws of the State of California with its principal place of business in Atlanta, Georgia.  See Exhibit C attached to this Notice.

16.     Accordingly, there exists complete diversity of citizenship of the parties for purposes of 28 U.S.C. § 1332.

### B.     The Amount in Controversy Exceeds $75,000

17.     "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1102 (S.D. Iowa 2010) (discussing *Kopp*, preponderance of evidence standard applies for defendant to establish "that plaintiff will recover at least $75,000 if successful.")[1].

---

[1] The preponderance of the evidence standard was enacted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been

18.     Defendants believe in good faith that the amount in controversy exceeds $75,000.00 , exclusive of costs and interest.  Defendants satisfy their burden to prove that the amount the amount in controversy exceeds $75,000.00 even though an amount of compensatory damages is not specified in plaintiff's petition.

19.     In the Eighth Circuit, the amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008); *see also Hartridge v. Aetna Gas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if the complainant wins the suit). In other words, the amount in controversy is the amount that Plaintiff will seek from a jury in this matter.

20.     Plaintiff alleges a claim for damages including medical expenses, loss of enjoyment of life, pain and suffering, lost wages, loss of earning capacity, and mental anguish, all of which plaintiff alleges may continue into the future. Pet. ¶ 13.

21.     Although defendants deny liability, defendants believe that plaintiff will seek from a jury an amount greater than $75,000.00.  *See Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817,821 (8th Cir. 2011) (quoting *In re Reisenberg*, 208 U.S. 90, 107-08 (1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity").

22.     Moreover, a Notice of Workers Comp Lien has been filed in the state court action stating that plaintiff Grow has received compensation benefits paid by Nutmeg Insurance

---

permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011).  Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

Company, arising out of the alleged injuries he/she claims to have sustained on or about 1/21/20 while in the course and scope of his/her duties and the lien and/or subrogation interest as of today's date is in the amount of $133,329.11 for both indemnity and medical benefits paid to date.  See Exhibit E, attached to Statement Pursuant to LR 81.

23.    By filing this Notice of Removal, the Defendant do not waive any defense which may be available to them, specifically including, but not limited to, the right to contest personal jurisdiction, and to argue the absence of proper or convenient venue in this court or in the court for which this action has been removed.

WHEREFORE, defendants respectfully request that this Court assume jurisdiction over this action as if the plaintiff had originally commenced this action with this Court.

By_____
Richard A. Stefani
GRAY, STEFANI & MITVALSKY, P.L.C.
425 Second Street, S.E., Suite 700
P.O. Box 456
Cedar Rapids, Iowa  52406-0456
Tel.:  319-364-1535
Email:  rickstefani@gsmlawyers.com
**ATTORNEY FOR**
IOWA CVS PHARMACY, L.L.C., and SCP 2006-C23-059 LLC

## CERTIFICATE OF SERVICE

I certify that on February 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all parties. Parties may access this filing through the Court's system.