E-FILED  2022 JAN 07 2:27 PM SCOTT - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR SCOTT COUNTY

| | |
|---|---|
| BLAKE P. GROW,<br><br>Plaintiff,<br><br>vs.<br><br>IOWA CVS PHARMACY, L.L.C, and<br>SCP 2006-C23-059 LLC,<br><br>Defendants. | Case No. LACE134503<br><br>**PETITION AT LAW**<br>**and**<br>**JURY DEMAND** |

COMES NOW Plaintiff, Blake P. Grow, by and through his attorney, and for his claims against Defendants, states as follows:

1. Plaintiff is a resident of the state of Missouri.

2. Defendant Iowa CVS Pharmacy, L.L.C. ("Iowa CVS") is an Iowa limited liability company, active and in good standing.

3. Defendant SCP 2006-C23-059 LLC ("SCP") is a foreign limited liability company, active and in good standing.

4. At all times referenced herein, SCP owned the real property located at 1655 West Kimberly Road, Davenport, Iowa.

5. At all times referenced herein, Iowa CVS operated and managed the CVS Pharmacy located at 1655 West Kimberly Road, Davenport, Iowa (hereinafter, "the CVS store").

6. At all times referenced herein, Defendants were responsible for maintaining in good repair and reasonably safe condition the CVS store's parking lot, sidewalks, concrete walk areas, and delivery dock ramps.

7. On or about January 21, 2020, Plaintiff was working as a delivery driver for M&M Transport when he pulled his truck into the rear parking lot of the CVS store, unloaded product from his truck to be placed inside of the store, and placed the product on a pallet jack.

8. Upon seeing that the CVS store's delivery dock ramp was broken and inoperative, Plaintiff began maneuvering his pallet jack to a concrete sidewalk slab located to the side of the delivery dock ramp. While Plaintiff was in the process of maneuvering the pallet jack, the pallet jack struck an elevated portion of the sidewalk that was not flush against the parking lot surface, causing the product on the jack to begin shifting to one side. In an attempt to keep product from falling off the pallet jack, Plaintiff reached out with his right arm and sustained injury to his right arm.

EXHIBIT A

9. On the date referenced in paragraph number 7, the CVS store's delivery dock and the concrete sidewalk slab adjacent to the delivery dock were not reasonably safe for use by individuals such as Plaintiff who were delivering heavy product to the store.

10. Defendants knew or in the exercise of reasonable care should have known of the above-described conditions on the premises of the CVS store and that such conditions involved an unreasonable risk of injury to Plaintiff.

11. Defendants knew or should have known that Plaintiff would not discover the conditions; or that Plaintiff would not realize the conditions presented an unreasonable risk of injury; or that Plaintiff would not protect himself from the conditions.

12. Defendants failed to use reasonable care to remove, barricade, or warn people of the conditions referenced herein.

13. Defendants' negligence caused Plaintiff to sustain injuries to his right shoulder and damages including medical expenses, loss of enjoyment of life, pain and suffering, lost wages, loss of earning capacity, and mental anguish, all of which may continue into the future.

WHEREFORE, Plaintiff prays for judgment against Defendants for fair and reasonable damages, together with all other relief that the Court deems just and proper, as well as costs and expenses incurred in the prosecution of said claim.

## JURY DEMAND

The Plaintiff respectfully demands a trial by jury.

## CERTIFICATION OF JURISDICTIONAL REQUIREMENTS FOR AMOUNT IN CONTROVERSY

Pursuant to Iowa Code § 619.18, the undersigned hereby certifies that money damages meet the applicable jurisdictional requirements for this case to be tried before a District Judge.

RESPECTFULLY SUBMITTED,

By: /s/ Brian D.W. Spannagel
Brian D.W. Spannagel    AT0010087
BOFFELI & SPANNAGEL, P.C.
800 Locust Street
Dubuque, Iowa 52001
Telephone: (563) 556-0078
Facsimile: (563) 582-6126
Email: brian@boffspanlaw.com

ATTORNEY FOR PLAINTIFF

EXHIBIT A